**Christian De Olivas**
**CalBarNo. 249608**
**De Olivas Law Firm, APLC**
**200 N. Bradford Ave., Suite L**
**Placentia, CA 92870**
**Telephone: (714) 646-3314**
**Facsimile: (714) 646-3721**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# (HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>Rafael Luna,<br>Defendant | **Case No: 307-CR-02919-IEG-1**<br>**DATE: JANUARY 9, 2008**<br>**TIME: 10 AM**<br>**APPEAL AND NOTICE OF APPEAL FROM MAGISTRATE'S DENIAL OF DEFENDANT'S MOTION TO AMEND CONDITIONS OF RELEASE** |

Defendant RAFAEL LUNA, by and through counsel, CHRISTIAN DE OLIVAS, respectfully moves this Court, pursuant to 18 U.S.C. §3142(c)(3), to amend the conditions of release previously set on October 30, 2007. In support of this motion, MR. LUNA states as follows:

1. On October 16 2007, Mr. LUNA was arrested on a complaint charging Unlawful Importation of a Controlled Substance, 21 U.S.C. §§952, 960.

2. On October 30, Mr. LUNA was presented before Magistrate WILLIAM McCURINE. The court set conditions of release, which included a $900,000 surety bond and, upon the posting of that bond, release.

3. Magistrate McCURINE's imposition of the financial bond was based in large part on the fact that Mr. LUNA and his family disclosed to the court that they owned property in which they had approximately $1,000,000 in equity, although they had no other significant savings or assets.

4. After conducting an examination of the title records in the District of Central District of California, Mr. LUNA and his family have discovered that they were incorrect. The two properties they disclosed to the Court had a total value amount of $1,000,000 but only had about $600,000 in equity.

5. On December 18, 2007, in an attempt by Mr. LUNA's family to have him home for the holidays, by and through counsel, CHRISTIAN DE OLIVAS, respectfully asked Magistrate McCURINE to amend the October 30, 2007 Original Bail Order to reflect Mr. LUNA and his family's misconception regarding the actual equity on their properties; however, the Magistrate refused. As a result of MR. LUNA and his family's inability to post the surety bond, he has been detained at the San Diego Metropolitan Correctional Center since his arrest and was not able to spend the holidays with his family. Yet, the Bail Reform Act states that the "judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. §3142(c)(2). According to the legislative history of that statute, the detention provisions of Section 3142 were designed to replace the existing practice of detaining defendants through the use of high money bonds. See United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985).

7. Mr. LUNA is 53 years old. The pretrial services report indicates that he has no prior criminal record. He is not accused of committing any acts of violence, and there is no reason to believe that he represents a danger to the community. Furthermore, although the government has proffered that he traveled frequently to TIJUANA, MEXICO (to visit his only child and his child's mother and soon wife-to-be), there is no basis for concluding from such travel that he presents a risk of flight, because he has relocated his new family to the LOS ANGELES AREA, to live with his sister Ms. JUANA FLORES.

8. We respectfully request that the conditions of Mr. LUNA's release be MODIFIED to allow him and his family to execute a personal appearance bond

in the amount of **$859,500** (SECURED BY A TRUST DEED TO THE UNITED STATES ON REAL ESTATE), so that he is released immediately to prepare for trial. Certainly, any concern that the Court or the government may have regarding a risk of flight is satisfied because Mr. LUNA and his family will be residing with his sister Ms. JUANA FLORES, within the jurisdiction of the CENTRAL DISTRICT OF CALIFORNIA.

WHEREFORE for the foregoing reasons, and any others which may appear just and proper to the Court, it is respectfully requested that the defendant's motion be granted, and (Defendant)'s conditions of release modified.

Respectfully Submitted,
/s/ CHRISTIAN DE OLIVAS
ATTORNEY FOR THE DEFENDANT